United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 14, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41735
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS GANDARILLA-HERNANDEZ, also known as
Jose Jorge Gutierrez-Hernandez,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-701-ALL
--------------------

Before KING, Chief Judge, and HIGGINBOTHAM and SMITH, Circuit Judges.

PER CURIAM:[*]

Carlos Gandarilla-Hernandez ("Gandarilla") appeals the 33-month sentence he received after pleading guilty to illegally reentering the U.S. after having been previously deported following an aggravated felony conviction, in violation of 8 U.S.C. § 1326. He argues, for the first time on appeal, that the district court erred in imposing his sentence under a mandatory sentencing guidelines scheme, citing United States v. Booker, 125 S. Ct. 738, 756 (2005). The argument is reviewed for plain

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

error.  United States v. Valenzuela-Quevedo, 407 F.3d 728, 733 (5th Cir.), cert. denied, 126 S. Ct. 267 (2005).

Although Gandarilla's sentence, imposed under the formerly mandatory version of the sentencing guidelines, constitutes error that is plain, the claim fails because, as Gandarilla concedes, there was no effect on his substantial rights; there is no indication from the record that the district court would have imposed a different sentence under an advisory guidelines scheme. See id.; United States v. Mares, 402 F.3d 511, 517-18, 521 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005).  Gandarilla's argument that the error is structural and presumptively prejudicial is without merit.  See United States v. Martinez-Lugo, 411 F.3d 597, 601 (5th Cir.), cert. denied, 126 S. Ct. 464 (2005); United States v. Malveaux, 411 F.3d 558, 561 & n.9 (5th Cir.), cert. denied, 126 S. Ct. 194 (2005).

Gandarilla's constitutional challenge to 8 U.S.C. § 1326(b) is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).  Although Gandarilla contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Gandarilla properly concedes that his argument is foreclosed in light of Almendarez-

<u>Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

The district court's judgment is AFFIRMED.